**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TORRENT GULF COAST III, LLC**<br>    **Plaintiff**<br><br><br>**VERSUS**<br><br>**GULF OCEANIC MARINE**<br>**CONTRACTORS, INC. AND CAILLOU**<br>**ISLAND TOWING COMPANY, INC.**<br>    **Defendants** | **CIVIL ACTION NO.**<br><br>**DISTRICT JUDGE:**<br><br>**MAGISTRATE JUDGE:** |

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Torrent Gulf Coast, III, LLC ("Torrent"), by and through the undersigned counsel, and for its Complaint against Defendants, Gulf Oceanic Marine Contractors, Inc. ("Gulf Oceanic") and Caillou Island Towing Company, Inc. ("Caillou"), alleges and states as follows:

## THE PARTIES

1.

Plaintiff, Torrent Gulf Coast, III, LLC, is a Louisiana Limited Liability Company with its principal place of business in East Baton Rouge Parish, Louisiana, who at all pertinent times to this litigation owned and operated SL 21645 #1, more commonly referred to as Torrent's Breton Sound 19 platform.

2.

Defendant, Gulf Oceanic, is a Louisiana Business Corporation with its principal place of business in Terrebonne Parish, Louisiana.

3.

Defendant, Caillou, is a Louisiana Business Corporation with its principal place of business in Terrebonne Parish, Louisiana.

4.

At all times relevant to this action, Defendant Gulf Oceanic was the owner of the M/V CHRISTI C, a vessel operating near Torrent's Breton Sound 19 platform.

5.

At all times relevant to this action, Defendant Caillou was the owner of the JOAN CENAC, a vessel operating near Torrent's Breton Sound 19 platform.

**JURISDICTION AND VENUE**

6.

This Court has subject matter jurisdiction over the case pursuant to 28 U.S.C. §1331 and 46 U.S.C. §30901, et. seq., more commonly known as The Suits in Admiralty Act. Torrent brings this Admiralty Claim and designates this claim as proceeding in accordance with Rule 9(h) of the Federal Rules of Civil Procedure.

7.

This Court has personal jurisdiction and venue is proper as Defendants maintain their principal places of business within this District, Defendants conduct business on the navigable waterways within this District, the damages described in this Complaint arise out of an incident occurring within this District, and the actions and omissions of Defendants occurred within this District.

## FACTS AND ALLEGATIONS

8.

On or about May 31, 2025, the M/V CHRISTI C, a vessel owned by Gulf Oceanic, was traveling south from Slidell to Baptiste Collette.

9.

The M/V CHRISTI C was pushing the MANSON 85 and the MV JOAN CENAC was tied alongside.

10.

At the time of the allision, the MV JOAN CENAC, a vessel owned by Caillou, was operating as an assist vessel to the M/V CHRISTI C.

11.

As the M/V CHRISTI C and JOAN CENAC navigated to Baptiste Collette, AIS tracking showed the M/V CHRISTI C strayed severely off course.

12.

At approximately 2:30 a.m., the M/V CHRISTI C allided with well SL 21645 #1.

13.

At the time of the above-referenced allision, the well was properly positioned, marked, and presented no hazard to proper navigation.

14.

The allision caused severe damage to well SL 21645 #1.

3

## DEFENDANTS' NEGLIGENCE

15.

The cause of the allision was the unseaworthiness of the M/V CHRISTI C, the negligence of the crew of the M/V CHRISTI C, and the negligence of Gulf Oceanic as owner and operator of the M/V CHRISTI C, including, but not limited to, the following nonexclusive respects:

a. Failing to use reasonable care under the circumstances;

b. Failing to maintain a proper lookout;

c. Alliding with a fixed platform;

d. Navigating outside the designated navigation channel;

e. Operating in violation of the Inland Rules of Navigation;

f. Failing to maintain and/or rely on nautical charts;

g. Failing to maintain a properly trained crew;

h. Failing to exercise due diligence and maintain the M/V CHRISTI C and/or crew in seaworthy condition;

i. Failing to maintain appropriate course and speed;

j. Failing to utilize radar and/or other navigational tools/aids required under the circumstances;

k. The negligence of one or more persons for whom Gulf Oceanic is responsible; and

l. All other negligent acts and/or omissions determined in discovery and/or proven at trial.

16.

Additionally, the cause of the allision was also the unseaworthiness of the MV JOAN CENAC, the negligence of the crew of the MV JOAN CENAC, and the negligence of Caillou as

owner and operator of the MV JOAN CENAC, including, but not limited to, the following nonexclusive respects:

a. Failing to use reasonable care under the circumstances;

b. Failing to maintain a proper lookout;

c. Alliding with a fixed platform;

d. Navigating outside the designated navigation channel;

e. Operating in violation of the Inland Rules of Navigation;

f. Failing to maintain and/or rely on nautical charts;

g. Failing to maintain a properly trained crew;

h. Failing to exercise due diligence and maintain the MV JOAN CENAC and/or crew in seaworthy condition;

i. Failing to maintain appropriate course and speed;

j. Failing to utilize radar and/or other navigational tools/aids required under the circumstances;

k. The negligence of one or more persons for whom Caillou Island is responsible; and

All other negligent acts and/or omissions determined in discovery and/or proven at trial.

17.

The allision at issue and damages sustained by Plaintiff were caused in whole by acts and/or omissions of Gulf Oceanic and Caillou and/or the unseaworthiness of the M/V CHRISTI C and the MV JOAN CENAC, which acts or omissions constitute negligence, unseaworthiness, or other fault under the law, all of which were within the privity and knowledge of Gulf Oceanic and Caillou.

18.

As a direct result of the allision, Plaintiff has suffered damages, including, but not limited to, repair costs and expenses, inspections and survey costs and expenses, salvage and/or removal costs, lost, delayed and/or deferred production, diminution of market value of its assets, loss of revenue, loss of business opportunity, downtime, lost overhead, internal costs incurred responding to the incident and subsequent salvage and repairs, lost/deferred/delayed production, damage to wells and or reservoirs, operating expenses, repair costs, shut-in payments, force majeure payments, insurance deductibles, attorneys' fees, and all other expenses, costs, and damages to be proven at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, Torrent Gulf Coast III, LLC, respectfully requests that judgment be entered against Defendants, Gulf Oceanic Marine Contractors, Inc. and Caillou Island Towing Company, Inc., for the full amount of Plaintiff's damages, together with interest from the date of incident, all costs of litigation including attorneys' fees and expert witness fees, be taxed against Defendants, and that this Honorable Court grant Plaintiff all other and further equitable relief to which Plaintiff is entitled and which this Court deems just and proper.

**[SIGNATURE BLOCK ON NEXT PAGE]**

Respectfully submitted,


*/s/ Courtney E. Crowell*
Robert R. Johnston, T.A. (#22442)
Courtney E. Crowell (#38708)
Cameron E. Warren (#41977)
**PUSATERI, JOHNSTON, GUILLOT &
GREENBAUM, LLC**
1100 Poydras Street, Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile:  (504) 620-2510
Robert.Johnston@pjgglaw.com
Courtney.Crowell@pjgglaw.com
Cameron.Warren@pjgglaw.com
**ATTORNEYS FOR TORRENT GULF
COAST III, LLC**