UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TORRENT GULF COAST III, LLC | * | CIVIL ACTION |
| VERSUS | * | NO. 26-588 |
| GULF OCEANIC MARINE CONTRACTORS, INC., ET AL. | * | SECTION "O" (2) |

**ORDER AND REASONS**

Pending before me is the Defendants' Joint Motion to Compel Plaintiff's Supplemental Initial Disclosures filed by Defendants Gulf Oceanic Marine Contractors, Inc. and Caillou Island Towing Company, Inc. ECF No. 31. Plaintiff Torrent Gulf Coast III, LLC filed an opposition memorandum. ECF No. 32. No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendants' Joint Motion to Compel Plaintiff's Supplemental Initial Disclosures is GRANTED.

## I. BACKGROUND

Plaintiff Torrent Gulf Coast III, LLC ("Torrent") filed suit to recover damages after an allision involving the M/V CHRISTI C, assist vessel M/V JOAN CENAC, and its well SL 21645 #1. ECF No. 1 ¶¶ 10, 12, 18. In Plaintiff's initial disclosures, served on July 2, 2026, Plaintiff described its computation of damages as follows:

> Plaintiff sustained damages, including, but not limited to, repair costs and expenses, inspections and survey costs and expenses, salvage and/or removal costs, lost, delayed and/or deferred production, diminution of market value of its assets, loss of revenue, loss of business opportunity, downtime, lost overhead, internal costs incurred responding to the incident and subsequent salvage and repairs, lost/deferred/delayed production, damage to wells and or reservoirs, operating expenses, repair costs, shut-in payments, force

> majeure payments, insurance deductibles, attorneys' fees, and all other expenses, costs, and damages to be proven at trial, the computation of these damages is ongoing and will be supplemented. Plaintiff reserves the right to supplement this disclosure as discovery continues.

ECF No. 31-2, at 6–7.

After Defendants objected to Plaintiff's initial computation of damages, Plaintiff's counsel indicated that she would reach out to her client for more information. ECF No. 31-3, at 6. After numerous follow-up efforts, Plaintiff advised it would "have something" the week following its September 18, 2026 response. *Id*. at 1–5.

Defendants filed this motion to compel on September 25, 2026, and Plaintiff supplemented its initial disclosure that same day: "Plaintiff's final damages computation will be provided in its expert reports. However, for purposes of satisfying Rule 26(a)(1), Plaintiff provides the following preliminary computation of damages:"

| CATEGORY | APPROX. VALUE |
|---|---|
| Physical Repair Costs and Expenses – removal of damaged well cribbing and flowline; installation of replacement gas supply line for BS18 field; lift boat charter and contract personnel; costs of straightening and repairing well; increase in P&A expenses. | $1,290,821.00 |
| Regulatory Costs of Shut In | $15,000.00 |
| Deferred Revenue/Production | $3,358,195.00[1] |
| Loss of Reserves | *Not yet quantified/expert opinion needed* |
| Lost Overhead/Operating Expenses | *Not yet quantified/expert opinion needed* |
| Diminution of Market Value of Assets | *Not yet quantified/expert opinion needed* |
| Insurance Deductibles | *Not yet quantified/expert opinion needed* |
| Attorneys' Fees and Costs/Expenses | *Not yet quantified/expert opinion needed* |
| All other damages to be proven at trial | *Not yet quantified/expert opinion needed* |

ECF Nos. 31, 32-1. The Deferred Revenue/Production line item included a footnoted disclaimer: "The damages computation for deferred production involves a highly technical calculation performed by an expert. This is a preliminary estimate only for purposes of these initial disclosures. Plaintiff explicitly reserves its right to amend this damages computation." ECF No.

32-1, at 2.

## II. THE MOTION TO COMPEL

In this motion, Defendants argue that Plaintiff should supplement its initial disclosures to provide a computation of damages and produce all documents supporting its computation as required by Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure. ECF No. 31, at 1. They object to Plaintiff repeating vague damages allegations from the complaint in place of a computation of damages. ECF No. 31-1, at 1. Defendants explain that Plaintiff's "claims could be worth four figures or seven, and Defendants would be none the wiser." *Id.* at 3. Defendants contend that they are prejudiced by Plaintiff's insufficient disclosures because they cannot target discovery, pursue prompt third-party discovery, or make reasoned decisions on expert discovery. *Id.* at 4–5.

Plaintiff argues that this motion should be denied as moot because it has supplemented its initial disclosures and produced the supporting documents. ECF No. 32, at 1. Plaintiff notes that it promised its supplement by the end of the week but, Defendants filed their motion to compel that Friday morning, while Plaintiff, as promised, supplemented the disclosure by the end of that day. *Id.* While some categories of damages are listed as "not yet quantified/expert opinion needed," Plaintiff contends that it has fulfilled its Rule 26 obligations by disclosing what is "reasonably available." *Id.* at 2–3. It explains that its complicated damages calculations must be computed by experts. *Id.* at 4. As one example, it explains that "economic loss resulting from interruption of a producing gas well requires more than multiplying a period of downtime by a historic daily-production figure." *Id.*

## III. APPLICABLE LAW AND ANALYSIS

Damages discovery begins with initial disclosures, which may be supplemented as necessary.[1] Rule 37(a)(3)(A) and (B) authorize a party to move for an order compelling disclosure when the responding party fails to provide full and complete disclosures.

Rule 26(a)(1)(A)(iii) mandates the disclosure of

> a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]

The purpose of this provision, which requires a party to disclose damages information without awaiting a discovery request, is to "accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information."[2] "A party claiming damages has the obligation, when it makes its initial disclosures, to disclose to the other parties the best information then available to it concerning that claim, however limited and potentially changing it may be."[3]

Rule 26(a)(1)(A)(iii) "does not elaborate on the level of specificity required in the initial damages disclosure,"[4] but "[a] party must make its initial disclosures based on the information then reasonably available to it."[5] "'Computation' at a minimum requires a disclosure of a specific dollar figure. Simply reciting a dollar figure, however, is not enough."[6] Likewise, identifying

---

[1] FED. R. CIV. P. 26(a)(1)(A)(iii) & (e).
[2] FED. R. CIV. P. 26(a), advisory committee's note to 1993 Amendment.
[3] *Tendeka, Inc. v. Glover*, No. 13-1764, 2015 WL 2212601, at *16 (S.D. Tex. May 11, 2015) (quoting *Joseph v. Las Vegas Metro. Police Dep't*, No. 09-0966, 2010 WL 3238992, at *2 (D. Nev. Aug. 13, 2010)).
[4] *4R4 Sons, LLC v. Tru G. Wilhelm, Inc.*, No. 21-1081, 2021 WL 4507451, at *1 (D. Nev. Oct. 1, 2021) (quoting *City & Cnty. of S.F. v. Tutor-Saliba Corp*., 218 F.R.D. 219, 220 (N.D. Cal. 2003)).
[5] FED. R. CIV. P. 26(a)(1)(E).
[6] *Borroum v. RJM Acquisition LLC*, No. 07-613, 2008 WL 11415899, at *3 (W.D. Tex. Mar. 28, 2008) (citations omitted) (collecting cases).

categories of damages with an indication that the calculation depends on expert analyses is insufficient.[7]

Parties are then required to "supplement or correct [their] disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."[8] Even when a party will rely on an expert to calculate damages, it cannot refuse to disclose its computation of damages before expert disclosures are due.[9]

Plaintiff supplemented its initial disclosures on the same day that Defendant filed this motion. Plaintiff's supplement, however, still does not comply with its obligations under Rule 26. At a minimum, a computation of damages requires "a disclosure of a specific dollar figure."[10] While Plaintiff identified approximate values for three categories of damages, at least six categories remain completely unquantified. Plaintiff must supplement its initial disclosures with currently estimated specific dollar amounts based on currently available information for its categories of damages. Of course, Plaintiff can later supplement its initial disclosures as its investigation and expert analysis continues.

## IV. <u>CONCLUSION</u>

Accordingly, for the foregoing reasons,

---

[7] *LW Air I, L.L.C. v. Air 7, L.L.C.*, No. 16-546, 2017 WL 3209398, at *2 (N.D. Tex. Apr. 20, 2017).

[8] FED. R. CIV. P. 26(e).

[9] *In & Out Welders, Inc. v. H & E Equip. Servs., Inc.,* No. 16-86, 2018 WL 1370600, at *6 (M.D. La. Mar. 16, 2018); *see also Broussard v. Go-Devil Mfg. Co. of La., Inc.*, No. 08-124, 2009 WL 10669961, at *1 n.2 (M.D. La. Aug. 13, 2009) ("Under the federal rules of civil procedure, however, [defendant] is not required to wait until the expert report deadlines to obtain [plaintiff's] damage computations and is permitted to obtain that information through initial disclosures and discovery requests preceding the production of expert reports.").

[10] *Borroum*, 2008 WL 11415899, at *3.

IT IS ORDERED that the Defendants' Joint Motion to Compel Plaintiff's Supplemental Initial Disclosures filed by Defendants Gulf Oceanic Marine Contractors, Inc. and Caillou Island Towing Company, Inc. (ECF No. 31) is GRANTED. Plaintiff must supplement its initial disclosures within fourteen days to provide specific dollar figures for its computation of damages based on its currently available information.

New Orleans, Louisiana, this 14th day of October, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE